# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Alisha Walker (#Y12381), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 4723 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| ) | |
| Tom Dart, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Defendant's motion to dismiss [20] is granted. The complaint [12] is dismissed with prejudice for failure to state a claim. This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). The Clerk is instructed to close this case and enter judgment accordingly. Civil case terminated.

## STATEMENT

### I. Introduction

Plaintiff Alisha Walker, a prisoner currently confined at Decatur Correctional Center, brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that she was subjected to unconstitutional living conditions while confined in the Cook County Jail from January 2014 through March 2016. In an order dated December 12, 2018, the Court found that Plaintiff's allegations stated a federal claim for unconstitutional living conditions. (Dkt. 13.)

Defendant Sheriff Tom Dart now moves to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(6), on the basis that Plaintiff's § 1983 claim is time-barred. (Dkt. 20.) Plaintiff filed a response. (Dkt. 23.) For the reasons discussed below, the Court grants Defendant's motion to dismiss.

### II. Background

For purposes of this motion, the Court accepts as true the following allegations in Plaintiff's complaint:

Plaintiff was detained at Cook County Jail, in Divisions 3 and 4, from January 2014 through March 2016. (Dkt. 12, pg. 4.) Prior to her detention, she was in excellent health. (*Id.*) Unsanitary living conditions in both Divisions 3 and 4 consisted of: mold and mildew in showers; mold in cells; dirty standing water in showers and cells from burst pipes; raw sewage that backed up into cells every time it rained; mouse droppings in cells; roaches in cells and food; no sunlight or

ventilation in cells and living quarters; and radiation from body scans. (*Id.*) Due to these conditions, Plaintiff began experiencing neck and back pain, joint inflammation, recurring headaches, bouts of nausea and diarrhea, insomnia, panic attacks and breathing problems. (*Id.*, pg. 5.) Plaintiff repeatedly sought medical attention for these conditions, both while at Cook County Jail and later once she was in IDOC custody. (*Id.*) After blood testing, Plaintiff was eventually diagnosed with severe inflammation throughout her body. (*Id.*)

Based on these allegations, the Court allowed Plaintiff to proceed on a claim of unsanitary living conditions. (Dkt. 13.)

### III. Standard of Review

When evaluating a motion to dismiss for failure to state a claim, the pertinent pleading standard is Federal Rule of Civil Procedure 8(a)(2). Under that rule, a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (alteration in original) (internal quotation marks and citation omitted). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)).

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678-79.

### IV. Analysis

Defendant seeks dismissal of the complaint on the basis that Plaintiff's § 1983 claim is barred by the statute of limitations. (Dkt. 20.)

Plaintiff's claim is time barred. The statute of limitations for an action under 42 U.S.C. § 1983 filed in Illinois is two years, *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016) ("The statute of limitations for § 1983 claims in Illinois is two years.") (citations omitted); *O'Gorman v. City of Chicago*, 777 F.3d 885, 889 (7th Cir. 2015) (similar) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Moore v. Burge*, 771 F.3d 444, 447 (7th Cir. 2014)), and accrues when a plaintiff knows or has reason to know of the injury that is the basis of her claim. *Savory v. Lyons*, 469 F.3d

667, 672 (7th Cir. 2006). Plaintiff pleads that she entered Cook County Jail in 2014 and left the Jail in March 2016. Thus, from her pleading, the last date at which Plaintiff was housed at Cook County Jail and subjected to the alleged unsanitary living conditions there was in March 2016. In order for any claim pleaded in Plaintiff's complaint to be timely, absent some factor requiring tolling, Plaintiff would have had to have file suit in or before March 2018. Plaintiff, however, filed this action in July 2018.

The expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Because Plaintiff delayed in filing this lawsuit more than two years since the events complained of in the complaint, this action is untimely.

Plaintiff's response asks the Court not to dismiss her claim as untimely because she was not aware of the statute of limitations. (Dkt. 23.) But ignorance of the law generally does not justify relief under the doctrine of equitable tolling. *See Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (reasonable mistakes of law are not a basis for equitable tolling even if the plaintiff is a *pro se* prisoner). Relatedly, a *pro se* prisoner's "general lack of legal resources" is insufficient to excuse an untimely filing. *See Coleman v. Vill. of Elmwood Park*, No. 17 C 6219, 2017 WL 6813700, at *2 (N.D. Ill. Nov. 1, 2017) (citing *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006)). This is the case even if a prisoner lacks information about the applicable statute of limitations. *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000) ("Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere . . . and limitation periods work both ways—you can be sure [defendants] would not be pooh-poohing the prosecution's tardiness if they had been indicted one day after the statute of limitations expired for their crimes.").

Accordingly, Defendant's motion to dismiss is granted.

## V. Conclusion

For the reasons set forth above, Defendant's motion to dismiss (Dkt. 20) for failure to state a claim is granted. Plaintiff's complaint is dismissed with prejudice. This dismissal counts as one of Plaintiff's three allotted dismissals under 42 U.S.C. § 1915(g). This case is terminated.

If Plaintiff wishes to appeal, she must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, she will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed another "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the

filing fee unless he is in imminent danger of serious physical injury. *Ibid.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, she must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve her appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, she may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: 6/6/2019

Jorge L. Alonso
United States District Judge